UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cr-211-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| LEON BRANT, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Early Termination of Probation/Supervised Release. (Doc. No. 2). The Government has filed a response opposing Defendant's motion. (Doc. No. 5). For the following reasons, the motion is denied.

### I. BACKGROUND

After serving a prison sentence for the attempted killing of a witness in an official proceeding and related crimes, Defendant began his 36 months of supervised release on July 8, 2022. Defendant filed the pending motion requesting early termination of his supervised release on July 22, 2024. (Doc. No. 2). In the motion, Defendant cites that he received a G.E.D and various other educational certifications while in prison, became a mentor to other inmates, was recently married and owns a home, holds a stable job as a truck driver, has assisted his wife in running a non-profit, and has complied with the terms of supervision. He writes that early termination would enable him to better support his family since he would qualify for better trucking routes if he could travel more freely.

1

On July 30, 2024, the Court ordered the government to respond to Defendant's motion within 20 days. (Doc. No. 3). As of his filing, Defendant had completed approximately 24 months, or approximately 67%, of his court-ordered supervision.

On August 15, 2024, the Government filed a response in opposition to Defendant's request for early termination. (Doc. No. 5). The Government notes that Defendant's supervising probation officer does not take a position on the motion. However, the Government argues that mere compliance with the terms of supervised release is not sufficient to warrant the Court using its discretion to terminate supervision early. The Government also notes that Defendant did not make clear how terminating supervision would help him support his family in a way that he cannot currently. Finally, the Government points to the egregiousness of the underlying offense and the fact that Defendant still owes restitution to the victim as factors weighing in favor of continued supervision.

## II. DISCUSSION

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Early release from supervised release is appropriate when the defendant has exhibited "exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Folks v. United States, 733 F. Supp. 2d 649, 651 (W.D.N.C. 2010) (internal citation omitted).

"One of the purposes of supervised release is to provide rehabilitation and oversight of the offender to deter their return to crime." Id. at 652. Consequently, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised

release and does not warrant early termination." Id. (quoting United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)). If it were, then "the exception would swallow the rule." McKay, 352 F. Supp. 2d at 361. Ultimately, the decision whether to terminate a term of supervised release is within the Court's discretion. See United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999) (noting that the phrase "the interest of justice" gives the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period).

Here, given the Government's response and arguments in opposition to early termination, the Court finds that Defendant's supervision will not be terminated early at this time.

In sum, Defendant's pro se Motion for Early Termination of Probation/Supervised Release, (Doc. No. 2), is **DENIED**.

Max O. Cogburn Jr
United States District Judge